FILED

AUG 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEFFREY FORTER,

            Plaintiff - Appellant,

    v.

RANDY GEER; et al.,

            Defendants - Appellees.

No. 12-35470

D.C. No. 3:10-cv-06065-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Oregon state prisoner Jeffrey Forter appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his

constitutional rights and the Religious Land Use and Institutionalized Persons Act

("RLUIPA") in connection with Christian Identity materials that defendants

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deemed inflammatory. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo the district court's summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926

(9th Cir. 2004), and determination that a prisoner failed to exhaust administrative

remedies under the Prison Litigation Reform Act, *Wyatt v. Terhune*, 315 F.3d

1108, 1117 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Forter's

constitutional claims related to the prison's refusal to provide Forter with Christian

Identity materials he had ordered because Forter failed to raise a genuine dispute of

material fact as to whether the regulation justifying withholding the materials is not

reasonably related to legitimate penological interests. *See Turner v. Safley*, 482

U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates'

constitutional rights, the regulation is valid if it is reasonably related to legitimate

penological interests."); *see also Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13

(2005) ("[P]rison security is a compelling state interest, and . . . deference is due to

institutional officials' expertise in this area.").

The district court properly granted summary judgment on Forter's RLUIPA

claim regarding the Christian Identity materials that were withheld, as well as the

materials that were later given to him, because Forter failed to raise a genuine

dispute as to material fact as to whether the challenged policy substantially

burdened the exercise of his religious beliefs. *See Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). Moreover, defendants were entitled to qualified immunity and, as to the materials he eventually received, any injunctive relief would be moot. *See Pearson v. Callahan*, 555 U.S. 223, 243 (2009) (state officers entitled to qualified immunity if their actions did not violate clearly established law); *Warsoldier*, 418 at 997 n.7 ("There exists little Ninth Circuit authority construing RLUIPA."); *cf.* 42 U.S.C. § 2000cc-3(e) ("A government may avoid the preemptive force of any provision of [RLUIPA] . . . by providing exemptions from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden.").

The district court properly dismissed Forter's remaining claims without prejudice because Forter failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (requiring proper and timely exhaustion of prisoner claims). The district court did not clearly err in finding that Forter failed to pursue all levels of administrative grievances available to him. *Cf. Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

Forter's contentions regarding alleged pending discovery, judicial bias, and the court's failure to address his equal protection claim are unpersuasive. His

reliance on *McCabe v. Arave*, 827 F.2d 634 (9th Cir. 1987), is misplaced.

**AFFIRMED.**